1   PAUL W. BLAKE
    Attorney at Law
2   State Bar #94963
    4045 Bonita Road, Suite 202
3   Bonita, California 91902
    (619) 908-6429/FAX (619) 578-2805
4

5   Attorney for Defendant ROLAND MONTEMAYOR

6

7

8                    **UNITED STATES DISTRICT COURT**
                     **SOUTHERN DISTRICT OF CALIFORNIA**
9                      **(HON. M. JAMES LORENZ)**

10  UNITED STATES OF AMERICA,          )   Case No. 08-CR-2020-1-L
                                       )
11              Plaintiff,             )   NOTICE OF MOTION AND MOTION
                                       )   FOR DISCOVERY; TO DECLARE
12  v.                                 )   CASE COMPLEX; AND FOR LEAVE
                                       )   TO JOIN MOTIONS FILED BY
13  ROLAND MONTEMAYOR,                 )   OTHER COUNSEL; AND FOR
                                       )   LEAVE TO FILE FURTHER
14              Defendant.             )   MOTIONS
    _____)
15                                         DATE:   July 23, 2008
                                           TIME:   10:30 a.m.
16                                         DEPT:   Hon. M. James Lorenz

17  TO:   PLAINTIFF UNITED STATES OF AMERICA AND ITS ATTORNEY OF

18  RECORD, KAREN P. HEWITT, UNITED STATES ATTORNEY FOR THE SOUTHERN

19  DISTRICT OF CALIFORNIA; AND ASSISTANT U.S. ATTORNEY TIMOTHY F.

20  SALEL.

21         Please take notice that at the above designated time and place, defendant Roland

22  Montemayor will move the court for an order compelling  discovery in the instant case with

23  respect to the items set forth in the attached memorandum of law, based upon the

24  constitutional, statutory, and judicial authorities cited herein.  Defense counsel will further

25  move the court to have case declared complex and for leave to join the motions filed in this

26  matter by other counsel unless specifically exempted therefrom, and for leave to file further

27  motions.

28  ///

1    Said motion is based upon the instant notice of motion, the attached memorandum of

2  law, and on such evidence and argument as may be presented at the hearing on the motion.

3

4  Date: July 2, 2008                    Respectfully submitted,

5

6                                         /s/ Paul W. Blake
                                          PAUL W. BLAKE
7                                         Attorney for Defendant ROLAND MONTEMAYOR
                                          4045 Bonita Road, Suite 202
8                                         Bonita, California 91902
                                          (619) 908-6429 (tel)
9                                         (619) 578-2805 (fax)
                                          paulwblake@cox.net
10

11  1:\Blake\Montemayor.MFD-join-not

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | PAUL W. BLAKE
  | Attorney at Law
2 | State Bar #94963
  | 4045 Bonita Road, Suite 202
3 | Bonita, California 91902
  | (619) 908-6429/FAX (619) 578-2805
4 |
5 | Attorney for Defendant ROLAND MONTEMAYOR
6 |
7 |
8 | **UNITED STATES DISTRICT COURT**
  | **SOUTHERN DISTRICT OF CALIFORNIA**
9 | **(HON. M. JAMES LORENZ)**

10 | UNITED STATES OF AMERICA,        ) Case No. 08-CR-2020-1-L
                                      )
11 |              Plaintiff,          ) NOTICE OF MOTION AND MOTION
                                      ) FOR DISCOVERY; TO DECLARE
12 | v.                               ) CASE COMPLEX; AND FOR LEAVE
                                      ) TO JOIN MOTIONS FILED BY
13 | ROLAND MONTEMAYOR,               ) OTHER COUNSEL; AND FOR
                                      ) LEAVE TO FILE FURTHER
14 |              Defendant.          ) MOTIONS
                                      )
15 |                                    DATE:  July 23, 2008
                                         TIME:  10:30 a.m.
16 |                                    DEPT:  Hon. M. James Lorenz

17 | TO:    PLAINTIFF UNITED STATES OF AMERICA AND ITS ATTORNEY OF

18 | RECORD, KAREN P. HEWITT, UNITED STATES ATTORNEY FOR THE SOUTHERN

19 | DISTRICT OF CALIFORNIA; AND ASSISTANT U.S. ATTORNEY TIMOTHY F.

20 | SALEL.

21 |        Please take notice that at the above designated time and place, defendant Roland

22 | Montemayor will move the court for an order compelling  discovery in the instant case with

23 | respect to the items set forth in the attached memorandum of law, based upon the

24 | constitutional, statutory, and judicial authorities cited herein.  Defense counsel will further

25 | move the court to have case declared complex and for leave to join the motions filed in this

26 | matter by other counsel unless specifically exempted therefrom, and for leave to file further

27 | motions.

28 | ///

1         Said motion is based upon the instant notice of motion, the attached memorandum of

2    law, and on such evidence and argument as may be presented at the hearing on the motion.

3

4    Date: July 2, 2008          Respectfully submitted,

5

6                      /s/ Paul W. Blake
                  PAUL W. BLAKE

7                      Attorney for Defendant ROLAND MONTEMAYOR
                  4045 Bonita Road, Suite 202

8                      Bonita, California 91902
                  (619) 908-6429 (tel)

9                      (619) 578-2805 (fax)
                  paulwblake@cox.net

10

11    1:\Blake\Montemayor.MFD-join-not

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  PAUL W. BLAKE
   Attorney at Law
2  State Bar #94963
   4045 Bonita Road, Suite 202
3  Bonita, California 91902
   (619) 908-6429/FAX (619) 578-2805
4

5  Attorney for Defendant ROLAND MONTEMAYOR

6

7

8                    **UNITED STATES DISTRICT COURT**
                     **SOUTHERN DISTRICT OF CALIFORNIA**
9                      **(HON. M. JAMES LORENZ)**

10 UNITED STATES OF AMERICA,          )   Case No. 08-CR-2020-1-L
                                      )
11              Plaintiff,            )   MEMORANDUM OF LAW IN
                                      )   SUPPORT OF MOTION FOR
12 v.                                 )   DISCOVERY; TO DECLARE CASE
                                      )   COMPLEX; AND FOR LEAVE TO
13 ROLAND MONTEMAYOR,                 )   JOIN MOTIONS FILED BY OTHER
                                      )   COUNSEL; AND LEAVE TO FILE
14              Defendant.            )   OTHER MOTIONS
                                      )
15

16                    **GENERAL DISCOVERY**

17                            **I.**

18     **MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

19     Defendant moves for the production by the government of the following discovery

20 and for the preservation of evidence.  This request is not limited to those items that the

21 prosecutor knows of, but rather includes all discovery listed below that is in the custody,

22 control, care or knowledge of any government agency.  See generally Kyles v. Whitley, 514

23 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

24     (1)     The defendant's statements.  The Government must disclose to the defendant

25 all copies of any written or recorded statements made by the defendant; the substance of any

26 statements made by the defendant which the government intends to offer in evidence at trial;

27 any response by the defendant to interrogation; the substance of any oral statements which

28 the government intends to introduce at trial and any written summaries of the defendant's

1   oral statements contained in the handwritten notes of the government agent; any response to

2   any Miranda warnings which may have been given to the defendant; as well as any other

3   statements by the defendant.  Fed.R.Crim.P. 16(a)(1)(A) and (B).  The Advisory Committee

4   notes and the 1991 amendments to Rule 16 make clear that the government must reveal all

5   the defendant's statements, whether oral or written, regardless of whether the government

6   intends to make any use of those statements.

7        (2)   Arrest reports, notes and dispatch tapes.  The defense also specifically requests

8   that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances

9   surrounding his arrest or any questioning, if such reports have not already been produced in

10  their entirety, be turned over.  This request includes, but is not limited to, any rough notes,

11  records, reports, transcripts or other documents in which statements of the defendant or any

12  other discoverable material is contained.  Such material is discoverable under Fed. R. Crim.

13  P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963).  See also Loux v. United

14  States, 389 F.2d 911 (9th Cir. 1968).  Arrest reports, investigators' notes, memos from

15  arresting officers, dispatch tapes, sworn statements and prosecution reports pertaining to the

16  defendant are available under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2, and Fed.

17  R. Crim. P. 12(h).  Preservation of rough notes is requested, whether or not the government

18  deems them discoverable.

19       (3)   Brady material.  Defendant requests all documents, statements, agents' reports,

20  and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the

21  credibility of the government's case.  Under Brady, impeachment as well as exculpatory

22  evidence falls within the definition of evidence favorable to the accused.  United States v.

23  Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

24       (4)   Any information that may result in a lower sentence under the Guidelines.  As

25  discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83

26  (1963).  This request includes any cooperation or attempted cooperation by the defendant as

27  well as any information that could affect any base offense level or specific offense

28  characteristic under Chapter Two of the Guidelines.  Also included in this request is any

1    information relevant to a Chapter Three adjustment, to a determination of the defendant's

2    criminal history, or to any other application of the Guidelines.

3         (5)   Any information that may result in a lower sentence under 18 U.S.C. §3553.

4    After United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005), the Guidelines are merely

5    advisory and federal sentencing is governed by 18 U.S.C. §3553, which requires a judge to

6    consider "any information about the nature of the circumstances of the offense." 18 U.S.C.

7    §3553(a)(1). This broad range of judicial discretion, combined with the mandate that "[n]o

8    limitation shall be placed on the information concerning the background, character, and

9    conduct of a person convicted of an offense which a court of the United States may receive

10   and consider for the purpose of imposing an appropriate sentence," 18 U.S.C. §3661, means

11   that any information whatsoever may be "material . . . to punishment," Brady, 373 U.S. at 87,

12   whether or not the government deems it discoverable.

13        (6)   The Defendant's prior record. Evidence of prior record is available under

14   Fed.R.Crim.P. 16(a)(1)(D). Counsel specifically requests that the copy be complete and

15   legible.

16        (7)   Any proposed 404(b) evidence. Evidence of prior similar acts is discoverable

17   under Fed. R. Crim. P. 16(a)(1)(E) and Fed. R. Evid. 404(b) and 609. In addition, under Fed.

18   R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable

19   notice in advance of trial . . . of the general nature . . ." of any evidence the government

20   proposes to introduce under Fed. R. Evid 404(b) at trial. The defendant requests that such

21   notice be given three weeks before trial in order to give the defense time to adequately

22   investigate and prepare for trial.

23        (8)   Evidence seized. Evidence seized as a result of any search, either warrantless

24   or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

25        (9)   Request for preservation of evidence. The defense specifically requests that all

26   dispatch tapes or any other physical evidence that may be destroyed, lost or otherwise put out

27   of the possession, custody or care of the government, and which relate to the arrest or the

28   events leading to the arrest in this case, be preserved. This request includes, but is not

1  limited to, the results of any fingerprint analysis, alleged narcotics, the defendant's personal

2  effects, the vehicle, and any other evidence seized from the defendant, or any third party.  It

3  is requested that the government be ordered to question all the agencies and individuals

4  involved in the prosecution and investigation of this case to determine if such evidence

5  exists, and if it does exist, to inform those parties to preserve any such evidence.

6       (10)   Tangible objects.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(E) the

7  opportunity to inspect and copy as well as test, if necessary, all other documents and tangible

8  objects, including photographs, books, papers, documents, photographs of buildings or places

9  or copies of portions thereof which are material to the defense or intended for use in the

10  government's case-in-chief or were obtained from or belong to the defendant.

11       (11)   Evidence of bias or motive to lie.  The defense requests any evidence that any

12  prospective government witness is biased or prejudiced against the defendant, or has a

13  motive to falsify or distort his or her testimony.  Pennsylvania v. Ritchie, 480 U.S. 39 (1987);

14  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

15       (12)   Impeachment evidence.  Defendant requests any evidence that any prospective

16  government witness has engaged in any criminal act whether or not resulting in a conviction

17  and whether any witness has made a statement favorable to the defendant.  See Fed.R.Evid.

18  608, 609 and 613.  Such evidence is discoverable under Brady v. Maryland.  See United

19  States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United

20  States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

21       (13)   Evidence of criminal investigation of any government witness.  The defense

22  requests any evidence that any prospective witness is under investigation by federal, state or

23  local authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir.

24  1985).

25       (14)   Evidence affecting perception, recollection, ability to communicate.  Defendant

26  requests any evidence, including any medical or psychiatric report or evaluation, tending to

27  show that any prospective witness' ability to perceive, remember, communicate, or tell the

28  truth is impaired; and any evidence that a witness has ever used narcotics or other controlled

1   substances, or has ever been an alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir.

2   1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

3          (15)   Witness addresses.  The defense requests the name and last known address of

4   each prospective government witness.  See United States v. Napue, 834 F.2d 1311 (7th Cir.

5   1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview

6   government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181

7   (9th Cir. 1979), overruled on other grounds by Luce v. United States, 469 U.S. 38 (1984)

8   (defense has equal right to talk to witnesses).  The defendant also requests the name and last

9   known address of every witness to the crime or crimes charged (or any of the overt acts

10  committed in furtherance thereof) who will not be called as a government witness.  United

11  States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

12         (16)   Name of witnesses favorable to the defendant.  The defense requests the name

13  of any witness who made any arguably favorable statement concerning the defendant or who

14  could not identify him or who was unsure of his identity, or participation in the crime

15  charged.  Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina,

16  637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978);

17  Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979).

18         (17)   Statements relevant to the defense.  The defense requests disclosure of any

19  statement that may be "relevant to any possible defense or contention" that he might assert.

20  United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).  This would include Grand Jury

21  transcripts which are relevant to the defense motion to dismiss the indictment.

22         (18)   Jencks Act Material.  The defense requests all material to which defendant is

23  entitled pursuant to the Jencks Act, 18 U.S.C. §3500, reasonably in advance of trial,

24  including dispatch tapes.  A verbal acknowledgment that "rough" notes constitute an accurate

25  account of the witness' interview is sufficient for the report or notes to qualify as a statement

26  under §3500(e)(1).  Campbell v. United States, 373 U.S. 487, 490-92 (1963).

27         (19)   Giglio information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972),

28  the defendant requests all statements and/or promises, expressed or implied, made to any

08-CR-2020-1-L

1  government witnesses, in exchange for their testimony in this case, and all other information

2  which could arguably be used for the impeachment of any government witnesses.

3          (20)  Reports of scientific tests or examinations.  Pursuant to Fed. R. Crim. P.

4  16(a)(1)(F), the defendant requests the reports of all tests and examinations conducted upon

5  the evidence in this case.  Including but not limited to any fingerprint testing done upon any

6  evidence seized in this case, that is within the possession, custody or control of the

7  government, the existence of which is known, or by the exercise of due diligence may

8  become known, to the attorney for the government, and which are material to the preparation

9  of the defense or are intended for use by the government as evidence in chief at the trial.

10          (21)  Henthorn material.  The defendant requests that the prosecutor review the

11  personnel files of the officers involved in his arrest, and those who will testify, and produce

12  to him any exculpatory information at least two weeks prior to trial and one week prior to the

13  motion hearing.  This includes all citizen complaints and other related internal affairs

14  documents involving any of the immigration officers or other law enforcement officers who

15  were involved in the investigation, arrest and interrogation of defendant.  See United States

16  v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  In addition, he requests that if the government is

17  uncertain whether certain information is to be turned over pursuant to this request, that it

18  produce such information to the court in advance of the trial and the motion hearing for an in

19  camera inspection.

20          (22)  Informants and cooperating witnesses.  The defense requests disclosure of the

21  names and addresses of any informants or cooperating witnesses used or to be used in this

22  case.  The government must disclose the informant's identity and location, as well as disclose

23  the existence of any other percipient witness unknown or unknowable to the defense.

24  Roviaro v. United States, 353 U.S. 53, 61-62 (1957).  The defense also requests disclosure of

25  any information indicating bias on the part of any informant or cooperating witness.  Giglio

26  v. United States, 405 U.S. 150 (1972).  Such information would include what, if any,

27  inducements, favors, payments or threats were made to the witness to secure cooperation

28  with the authorities.

08-CR-2020-1-L

1    (23)   Expert witness.  Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the defendant

2    requests a written summary of the expert testimony that the government intends to use at

3    trial, including a description of the witnesses' opinions, the bases and the reasons for those

4    opinions, and the witnesses' qualifications.

5    (24)   Residual request.  The defense intends by this discovery motion to invoke his

6    rights to discovery to the fullest extent possible under the Federal Rules of Criminal

7    Procedure and the Constitution and laws of the United States.  This request specifically

8    includes all subsections of Rule 16.  Defendant requests that the government provide him and

9    his attorney with the above requested material sufficiently in advance of trial.

10                                              **II**

11                     **MOTION TO DECLARE CASE COMPLEX**

12    Defendant was among two individuals indicted in this particular case.  We are aware

13    of at least three additional cases involving additional individuals and this matter is said to

14    have occurred over a fairly lengthy period of time.

15    The authority should read, 'a trial court may exclude any period resulting from a

16    continuance beyond the limits of the Speedy Trial Act on a finding that the ends of justice

17    are served by taking such action.  18 USC section 3161(h)(8)(A).  In granting a continuance

18    under 3161(h)(8)(A), the court must consider the factors in 3161(h)(8)(B), United States v.

19    Perez Reveles, 715 F.2d 1348, 1351 (9th Cir. 1983).  The trial court must set forth

20    reasonably explicit findings orally and in writing when excluding time under section

21    3161(h)(8)(A).  This case clearly involves both related cases and counts wherein there may

22    very well be overlapping information.  In this particular case, defendant is charged in an

23    indictment and without full discovery having been made at this juncture would indicate that

24    the government has been investigating this case for at least the last two years.  Therefore, the

25    defendant should be afforded reasonable time in which to adequately prepare a response to

26    the allegations against her.

27    ///

28    ///

1

**IV.**

2

**LEAVE TO FILE FURTHER MOTIONS**

3      A continuance may be warranted in this matter due to the fact that further discovery is

4   required in order to adequately prepare motions; at this date little discovery has been

5   provided.  Accordingly, defendant prays for leave to file further motions should such motions

6   be warranted.

7

**V.**

8

**LEAVE TO JOIN MOTIONS**

9      Defendant, by and through his court-appointed counsel, requests to join the motions of

10  the other defendants filed in this case.

11

12  Date: July 2, 2008                    Respectfully submitted,

13

         /s/  Paul W. Blake
14  PAUL W. BLAKE
    Attorney for ROLAND MONTEMAYOR
15  4045 Bonita Road, Suite 202
    Bonita, California 91902
16  (619) 908-6429 (tel)
    (619) 578-2805 (fax)
17  paulwblake@cox.net

18
    1:\Blake\Montemayor.MFDisc-Join.MOL
19

20

21

22

23

24

25

26

27

28

1 | **CERTIFICATE OF SERVICE**
---|---

2     Counsel for Defendant certifies that the foregoing pleading is true and accurate to the

3 best of his information and belief, and that a copy of the foregoing documents:

4 **NOTICE OF MOTION AND MOTION FOR DISCOVERY; TO DECLARE CASE**

5 **COMPLEX; AND FOR LEAVE TO JOIN MOTIONS FILED BY OTHER**

6 **COUNSEL; AND FOR LEAVE TO FILE FURTHER MOTIONS; MEMORANDUM**

7 **OF LAW IN SUPPORT OF MOTION FOR DISCOVERY; TO DECLARE CASE**

8 **COMPLEX; AND FOR LEAVE TO JOIN MOTIONS FILED BY OTHER**

9 **COUNSEL; AND LEAVE TO FILE OTHER MOTIONS**

10

11  was served on July 3, 2008, upon the below named parties:

12

13 **MAILING INFORMATION FOR A CASE** 08-CR-2020-1-L

    1.     **Electronic Mail Notice List**

14 The following are those who are currently on the list to receive email notices for this case.

15

16 Timothy F. Salel, timothy.salel@usdoj.gov, efile.dkt.gc1@usdoj.gov

17

18 Date: July 3, 2008       /s/ Paul W. Blake

19 PAUL W. BLAKE
Attorney for Defendant ROLAND MONTEMAYOR
4045 Bonita Road, Suite 202

20 Bonita, California 91902
(619) 908-6429 (tel)

21 (619) 578-2805 (fax)
paulwblake@cox.net

22

23

24

25

26

27

28

08-CR-2020-1-L